IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 98-00099-CB |
| | ) | CIVIL ACTION NO. 15-00339-CB |
| CORNELIUS KENYATTA CRAIG, | ) | |
| | ) | |
| Defendant/Petitioner | ) | |

## ORDER

On May 26, 2015, this Court entered an order denying Petitioner's § 2255 motion (Doc. 263) as a second or successive petition filed without certification of the appellate court as required by 28 U.S.C.S § 2255(h). On June 25, 2015, Craig filed yet another § 2255 motion. On July 13, 2015, Petitioner filed a notice of appeal (Doc. 270) with respect to the May 26th order. Generally speaking, "[t]he filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). To the extent that the most recent motion ostensibly raises issues not raised in the prior motion, the notice of appeal does not divest this court of jurisdiction. As to those issues, however, the certification requirement found in § 2255(h) still applies. Consequently, the motion is due to be and hereby is **DENIED**.

Rule 11 of the Federal Rules Governing Section 2255 Proceedings requires that the district court issue or deny a certificate of appealability when entering a final order on a § 2255 motion. When a court denies a motion "on procedural grounds without reaching the merits of any constitutional claims, . . . a petitioner

will be granted a certificate of appealability only if [he] makes both a substantial showing that he had a valid claim of the denial of a constitutional right, and a substantial showing that the procedural ruling is wrong," *Jackson v. Crosby*, 437 F.3d 1290, 1295 (11th Cir. 2006) (internal citations and quotations omitted) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ). A "substantial showing means" that the issues—both substantive and procedural—are debatable among jurists of reason. *Id.* In this case, there is no need to consider the constitutional issue because no jurist of reason could find that this § 2255 motion was *not* a second or successive petition. Accordingly, the certificate of appealability is **DENIED**. Any appeal from this order would be frivolous, therefore leave to appeal in forma pauperis is prospectively **DENIED**.

      **DONE** this the 3rd day of August, 2015**.**

                                               *s/Charles R. Butler, Jr.*
                                               **Senior United States District Judge**