# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES, | ) |
| | ) |
| v. | ) Criminal Action No. 98-00099-KD |
| | ) Criminal Action No. 98-00158-KD |
| CORNELIUS KENYATTA CRAIG, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on the motions for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure filed by Cornelius Kenyatta Craig (doc. 322, Criminal Action No. 98-00099-KD; doc. 138, Criminal Action No. 98-00158-KD). Upon consideration, and for the reasons set forth herein, the motions are denied.

Previously, the Court dismissed for lack of jurisdiction Craig's motions to vacate pursuant to 28 U.S.C.§ 2255 on basis that he had filed a successive motion without first obtaining authorization from the Court of Appeals for the Eleventh Circuit (doc. 321; doc. 137). Craig now argues that the Court committed a manifest error of law and should reconsider its decision.

Craig states that he filed his motions pursuant to 28 U.S.C. § 2255(a) and alleged that his conviction was in violation of the laws and Constitution of the United States because he was mentally ill at the time of trial, conviction, and sentence. Craig argues that these grounds were never raised in any prior § 2255 motion, and therefore, the Court erred by finding that he had filed successive § 2255 motions without first obtaining authorization. Craig also argues that he

filed his motions pursuant to § 2255(a),[1] and therefore, the Court erred by re-characterizing them as motions subject to § 2255(h) without first warning him of its intent to re-characterize.

"A Rule 59(e) motion for reconsideration may be granted based only on newly-discovered evidence or to correct manifest errors of law or fact. Rule 59(e) motions may not be used to 'relitigate old matters, raise argument or present evidence that should have been raised prior to the entry of judgment.'" *Bedtow Grp. II, LLC v. Ungerleider*, 684 F. Appx. 839, 843 (11th Cir. 2017) (citing *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999) and *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)).

Section 2255(h) states that a "second or successive motion must" be authorized by "a panel of the appropriate court of appeal". 28 U.S.C. § 2255(h). Thus, any successive motion – regardless of the grounds - must first be authorized by the Court of Appeals for the Eleventh Circuit. Since Craig did not obtain authorization to file his motions, the Court lacked jurisdiction to consider the motions. The Court finds no basis for reconsideration of its prior decision. Accordingly, the motions for reconsideration are denied.

DONE and ORDERED this the 3rd day of October 2017.

> s/ Kristi K. DuBose
> KRISTI K. DuBOSE
> CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Section 2255(a) sets forth the grounds that a movant may allege in a § 2255 motion. The remainder of the statute sets forth the procedure for addressing the motion, appeal, the savings clause for habeas corpus petitions, the periods of limitation, appointment of counsel and § 2255(h) which provides that a "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-- (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255.