IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | CRIMINAL ACTION NO. 98-00099-003 |
| | ) | 98-00158-002 |
| CORNELIUS KENYATTA CRAIG, | ) | |
| Defendant. | ) | |

## ORDER

Defendant Cornelius Kenyatta Craig moves, pursuant to 18 U.S.C. § 3582(c)(2), for a modification of his prison term. (Doc. 335). Craig's *pro se* motion seeks,[1] among other things, (1) appointment of counsel, (2) *in forma pauperis* status, and (3) a modification of his sentence. (Doc. 335 at 8). For the reasons explained below, Craig's motion is due to be **DENIED**.

**I.     Background**

In June 1998, Craig and several codefendants were indicted in Criminal Action Number 98-00099 which charged fifteen counts, including conspiracy, carjacking and firearms offenses. Craig was charged in nine of those counts with three counts each of conspiracy to commit carjacking in violation of 18 U.S.C. § 371, carjacking in violation of 18 U.S.C. § 2119 and using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(l). In August 1998, a separate indictment was returned against Craig and two codefendants in Criminal Action Number 98-00158. The second indictment charged Craig with one count each of conspiracy to commit carjacking, carjacking and using and carrying a firearm during and in

---

[1] Because Craig proceeds *pro se* the Court liberally construes his motion. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (explaining that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed").

1

relation to a crime of violence. The two indictments were consolidated for trial. Craig was convicted of all of the counts with which he was charged and was sentenced to a total of 931 months.

## II. Craig's Motion
### a. Appointment of Counsel

The Eleventh Circuit has held that a defendant has neither a constitutional nor a statutory right to counsel in § 3582(c)(2) proceedings. See United States v. Webb, 565 F.3d 789, 794-95 (11th Cir. 2009) ("there is no statutory or constitutional right to counsel for a § 3582(c)(2) motion"); United States v. McCants, 2012 WL 13054272, at *2 (S.D. Ala. May 16, 2012) ("It is well settled that there is no right to appointed counsel in connection with § 3582(c)(2) motions."). "[T]he decision to appoint an attorney is left to the discretion of the district court." Webb, 565 F.3d at 795. Defendant's motion for appointment of counsel (Doc. 74) is **DENIED**.

### b. IFP Status

The Court is unaware of any need to grant Craig's motion with respect to his IFP status.[2] This is neither an appeal nor a § 2255 motion.[3] Therefore, Craig incurred no fee in filing the instant motion, and no fee need be waived.[4] The IFP motion is therefore **MOOT**.

### c. Prison Term Modification

---

[2] Craig referenced 28 U.S.C. § 1951 when referencing his request to proceed IFP. The correct section is 1915.
[3] The Eleventh Circuit has described a § 3582(c)(2) motion as a "continuation of a criminal case." United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003).
[4] In any event, Craig's IFP motion would be denied as non-compliant with the statute's requirements. See 28 U.S.C. § 1915(a)(1) (requiring the IFP movant include "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor[]").

Craig focuses his argument at a four-level increase for bodily injury. In the Pre-Sentence Investigation Report (PSR), the Probation Officer included a four-level enhancement of Craig's total offense level. The Court applied the enhancement at sentencing.[5] His PSR provides that,

> Pursuant to the provisions found in U.S.S.G. § 2B3.1(b)(3)(B), if any victim sustained serious bodily injury, the offense is increased four levels. According to the investigating agent, the victim was shot in the shoulder and experienced 'shock trauma.' He was taken to the hospital for treatment, and was subsequently released.

Craig argues that he "was never found to be the actual shooter" according to the PSR, the indictment, or the jury. (Doc. 335 at 4). Craig further argues that no other co-conspirator received a serious bodily injury enhancement. (Doc. 335 at 4-5). Craig argues the lack of clarity over which co-conspirator actually shot the victim means his offense level should not have been enhanced by four points.

His original guideline range, based on his total offense level of 30, was a range of imprisonment from 121-151 months. (1:98-cr-00158-KD-M-2 Doc. 19 at 6).[6] Craig argues the loss of four points to his total offense level now means it is 28 (but since his total offense level was actually 30 (and not 32 as he argues), the adjusted level would be 26). And that, he argues, decreases the guideline range from 97-121, a decrease of 54 months at the low end.[7]

The statute Craig cites prohibits the Court from modifying a term of imprisonment after it has been imposed except

> **(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission

---

[5] "If any victim sustained bodily injury, increase the offense level according to the seriousness of the injury." U.S.S.G. § 2B3.1(b)(3) (2016). Serious bodily injury results in a four-level increase.

[6] Craig's sentence includes two separate Criminal Actions, and the Court ran some sentences concurrently, resulting in a total imprisonment of 931 months. (1:98-cr-00158-KD-M-2 Doc. 19 at 2).

[7] Craig's Presentence Investigation Report was conducted before the turn of the twenty-first century and before it became Court practice to docket the PSR on the current CM/ECF system. However, the Court understands Craig has access to this document because he references it by page throughout his motion. The Court will therefore not refer to the PSR by docket entry number, as it usually does, but instead will refer to it is as PSR.

pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c). As the sentencing Commission has stated,

In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).

U.S.S.G. 1B1.10(a)(1). Amendment 599 is a listed amendment.

"Amendment 599 was enacted in order to clarify under what circumstances a weapons enhancement may properly be applied to an underlying offense when the defendant has also been convicted for the use or possession of a firearm pursuant to 18 U.S.C. § 924(c), which carries a separate and consecutive punishment for firearm use." United States v. Pringle, 350 F.3d 1172, 1179 (11th Cir. 2003). "The amended language clarified that when a defendant is convicted and sentenced under § 924(c), the defendant cannot also receive a Guideline enhancement for use of a weapon during the commission of the underlying offense." United States v. Caraballo-Martinez, 866 F.3d 1233, 1237 (11th Cir.), cert. denied, 138 S. Ct. 566 (2017).

Although Craig was convicted and sentenced under § 924(c), he did not receive a Guideline enhancement for use of a weapon during the offense's commission. Therefore, Amendment 599 is not applicable. When Craig was sentenced, the enhancement was added for a victim's *serious bodily injury* under U.S.S.G. § 2B3.1(b)(3)(B). That has gone unchanged. The reason for the amendment was "to clarify under what circumstances defendants sentenced for violations of 18 U.S.C. § 924(c) in conjunction with convictions for other offenses may receive *weapon enhancements* contained in the guidelines for those other offenses." U.S.S.G. Manual Amd. 599

4

(emphasis added). The § 2B3.1 four-level enhancement applied if any victim sustained serious bodily injury, irrespective of whether the injury was inflicted with a weapon.

In United States v. Wellington, 269 F. App'x 900 (11th Cir. 2008), defendant Wellington appealed the district court's denial of his motion to modify his sentence. He argued his adjusted offense level, which included a six-level enhancement under U.S.S.G. § 2B3.1(b) (for permanent bodily injury), should be removed to reflect Amendment 599. The Eleventh Circuit rejected Wellington's argument, holding Amendment 599 did not apply. Id. at 902. Here, Craig's enhancement, like Wellington's, did not include a specific offense characteristic for possessing, brandishing, using, or discharging a firearm.

Because Craig's sentencing range has not been lowered by Amendment 599's enactment, 18 U.S.C. § 3582(c) does not permit a sentence reduction.

## III.   Conclusion

Pursuant to the foregoing, Craig's motion is **DENIED** in its entirety. The Clerk is directed to mail Craig a copy of this order.

**DONE** the 26th day of July 2018.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**