**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Criminal Action No. 1:98-00099-KD-S-3 |
| | ) | |
| CORNELIUS KENYATTA CRAIG, | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter is before the Court on Defendant Cornelius Kenyatta Craig's motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 394) and motion to proceed *in forma pauperis* (Doc. 395). Per Section 2255, a prisoner in federal custody may move to vacate, set aside, or correct his sentence if it was imposed in violation of federal constitutional or statutory authority, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. But, "when a prisoner has previously filed a § 2255 motion to vacate, [he] must apply for and receive permission from [the United States Court of Appeals for the Eleventh Circuit] before filing a successive § 2255 motion." Feas v. United States, 701 Fed.Appx. 768, 769 (11th Cir. 2017) (citing Section 2244(b)(3) and Section 2255(h)). "Without authorization, the district court lacks jurisdiction to consider a second or successive § 2255 motion." Id. (citing Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003)). And see Felix v. United States, 709 Fed.Appx. 543, 548 (11th Cir. 2017) ("Because Felix was required to obtain this Court's permission before filing the instant [successive § 2255] motion yet failed to do so, the district court lacked subject matter jurisdiction over his claims[.]").

Craig filed his first Section 2255 petition in 2001; his motion was denied. (Doc. 162). Craig appealed, and the Eleventh Circuit denied his request for certificate of appealability. (Doc. 251). In May 2015, Craig filed a second Section 2255 motion which was denied because Craig failed to obtain authorization from the Eleventh Circuit to file a second or successive Second 2255 motion. (Docs. 263, 264). Then again, in June 2015, Craig filed another Section 2255 motion without the requisite certification from the Eleventh Circuit as required by Section 2255(h). (Docs. 270, 274). This Court denied his motion for lack of jurisdiction. (Doc. 274). After filing the June 2015 motion, Craig filed a notice of appeal with respect to the May 2015 order denying his May Section 2255 motion and denying a certificate of appealability. (Doc. 270). The Eleventh Circuit denied his motion for a certificate of appealability.

Then, in July 2016, Craig filed an application to file a successive Section 2255 motion; the Eleventh Circuit granted his application and an authorized successive motion was filed. (Docs. 294, 298). However, the district court denied Craig's Section 2255 motion and the Eleventh Circuit affirmed the district court's denial of Craig's authorized, successive Section 2255 motion. (Doc. 319).

In January 2017, Craig filed another application to file a successive Section 2255 motion. The Eleventh Circuit denied Craig's motion on February 17, 2017. Thereafter, in August 2017, Craig filed another Section 2255 motion. (Doc. 320). Because Craig failed to obtain the requisite authorization to file a successive Section 2255 motion, this Court denied his motion for lack of jurisdiction. (Doc. 321). In February 2019, Craig filed yet another application to file a successive Section 2255 motion. USCA11 Case: 19-10668. The Eleventh Circuit denied his application in March 2019. Id.

Upon review of the Eleventh Circuit's electronic filing records, Craig does not have an application to file a successive Section 2255 motion currently pending.[1] So, Craig has not obtained the Eleventh Circuit's authorization to file this successive motion. In light of this, Craig's Section 2255 motion (Doc. 394) is **DENIED for lack of jurisdiction.**[2]

Craig's motion for leave to proceed *in forma pauperis* (Doc. 395) is **denied as MOOT.**

**DONE** and **ORDERED** this the **29th** day of **July 2021**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[1] Craig must seek and obtain this authorization "[*b*]*efore* a second or successive application ... is filed in the district court." 28 U.S.C. § 2244(b)(3)(A) (emphasis added).

[2] Also, a Certificate of Appealability is not appropriate because "dismissal of a successive habeas petition for lack of subject-matter jurisdiction does not constitute a 'final order in a habeas corpus proceeding' for purposes of 28 U.S.C. § 2253(c)." Bolin v. Secretary Florida Department of Corrections, 628 Fed. Appx. 728, 730 (11th Cir. 2016) (quoting Hubbard v. Campbell, 379 F.3d 1245, 1247 (11th Cir. 2004)).