# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **CORNELIUS KENYATTA CRAIG,** )<br>        Petitioner,                                              )<br>                                                                          )<br>v.                                                                     )   **CRIMINAL ACTION: 1:98-00099-KD-S-3**<br>                                                                          )<br>**UNITED STATES OF AMERICA,**           )<br>        Respondent.                                            ) | |

## ORDER

This matter is before the Court on Cornelius Kenyatta Craig's Motion for Reconsideration (Doc. 406). Specifically, Craig moves for the Court to reconsider the July 29, 2021 Order (Doc. 401) denying his habeas petition and request to proceed *in forma pauperis* (Docs. 394, 395) due to lack of jurisdiction.

At the outset, Craig's motion, filed on August 16, 2021, was filed within 28 days after the Order issued. As such, the Court will construe the motion as filed pursuant Fed. R. Civ. P. 59(e). Even so, "[t]he only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir.1999)). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to entry of judgment." Id. (quoting Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005)). And the decision to reconsider a judgment is committed to the sound discretion of the district court. Drago v. Jenne, 453 F.3d 1301, 1305 (11th Cir. 2006); Lockard v. Equifax, Inc., 163 F.3d 1259, 1267 (11th Cir. 1998). In his motion, Craig asserts that because his habeas petition was not a second successive petition, he did not need permission from the Eleventh Circuit

to file it; and that his claims could not have been raised in an earlier petition due to counsel's ineffectiveness.  The Court finds that Craig is simply relitigating the arguments already presented in his habeas petition.  While a Court can consider the need to correct clear error under Rule 59(e), the movant must do more than simply restate previous arguments. Bautista v. Cruise Ships Catering & Service Int'l, N.V., 350 F. Supp. 2d 987, 992 (S.D. Fla. 2003).  Upon consideration, Craig has failed to show entitlement to Rule 59(e) relief.  As such, it is **ORDERED** that Craig's motion to reconsider (Doc. 406) is **DENIED.**

    **DONE** and **ORDERED** this the **9th** day of **September 2021.**

                                             /s/ Kristi K. DuBose
                                             **KRISTI K. DuBOSE**
                                             **CHIEF UNITED STATES DISTRICT JUDGE**