IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| v. | ) CRIMINAL ACTION NO. 98-00099-KD |
| | ) |
| **CORNELIUS KENYATTA CRAIG,** | ) CRIMINAL ACTION NO. 98-00158-KD |
| | ) |
| **Defendant.** | ) |

**ORDER**

This action is before the Court on Cornelius Kenyatta Craig's "Motion Pursuant to 18 U.S.C. § 3582(c)(2)" (Criminal Action No. 98-00099-KD, doc. 447; Criminal Action No. 98-00158-KD, doc. 262). Upon consideration, and for the reasons set forth herein, the motion is DENIED in part and DISMISSED in part for lack of jurisdiction.

I. <u>Background</u>

Craig and his co-defendants were convicted of multiple offenses of conspiracy to commit carjacking, carjacking, and use of a firearm during a crime of violence. In January 1999, Craig was sentenced to a total sentence of 931 months.

II. <u>Analysis</u>

Craig raises two arguments. First, he argues that the Court made an error when calculating his Criminal History Category and that his counsel did not object to the error. He argues that his state court convictions for receiving stolen property were incorrectly "counted as a prior sentence and conviction" (doc. 447, doc. 262, p. 4). As a result, he was erroneously given five criminal history points under U.S.S.G. § 4A1.1(a), which included three points for these convictions, and without those three points, his Criminal History Category would have been II instead of III and his guidelines range would have been lower.

Craig argues that these prior convictions for receiving stolen property cannot count as prior convictions "because a prior is defined as 'any sentence previously imposed upon adjudication … by guilty plea, for conduct not part of the instant offense." (Id., p. 6, citing § 4A1.2(a)(1)).  He asserts that this conduct – receiving stolen property – was part of his federal offense of carjacking. In support, he points to the Special Agent's trial testimony that Craig was "'arrested for receiving stolen property from cars that were carjacked'" (Id., p. 7).  As a result, he argues that the Court "applied an incorrect guideline range of 121 to 151 months instead of 108 to 135 months, whereby committing a significant error." (Id., p. 8).  Craig argues that this is plain error which affected his substantial rights (Id., p. 9) and "is enough to show a reasonable probability of a different outcome at his sentencing" (Id., p. 5)

Second, Craig argues that "the Sentencing Commission's Background Commentary to Section 5G1.3 may apply in this case." (Id., p. 5, citing "U.S.S.G. App. C, Amend. 776 (effective November 1, 2013)").  Craig admits that he did not raise the application of § 5G1.3 at his federal sentencing but argues that the Court "may now consider his claims" because there was "plain" error that affected his "substantial rights" (Id., p. 8-9). He argues that the "'Commentary to sec. 5G1.3 was amended and this court has 'discretion to select whether the sentence they impose will run concurrently or consecutively to other sentences they impose, or that have been imposed in other proceeding, including state proceedings.'" (Id., p. 10).  Craig appears to assert that Amendment 776 applies retroactively to sentences which were imposed before November 1, 2013, such that this Court may now amend his judgment to run his federal sentence concurrent with his previously imposed state sentences for receiving stolen property (as relevant conduct).

To the extent that Craig's motion is brought pursuant to 18 U.S.C. § 3582(c)(2), the motion is denied.  Relief under § 3582(c)(2) is available only "in the case of a defendant who has

2

been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[]", and where the Sentencing Commission has determined that the amended guideline range may apply retroactively. Craig argues that the Court improperly calculated his sentencing guidelines range, not that the Sentencing Commission has subsequently lowered his sentencing range.  Also, Amendment 776 does not apply retroactively for purposes of relief under 18 U.S.C. § 3582(c)(2). The Amendment is not among the covered amendments in Policy Statement U.S.S.G. § 1B1.10(d). Thus, he has not presented any grounds for relief under 18 U.S.C. § 3582(c)(2).

Overall, Craig's motion is dismissed for lack of jurisdiction. Although brought pursuant to 18 U.S.C. § 3582(c)(2), review of the motion indicates that he has effectively filed a second or successive motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, without first obtaining authorization from the Court of Appeals for the Eleventh Circuit. See 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A).

A Certificate of Appealability is not necessary because "dismissal of a successive habeas petition for lack of subject-matter jurisdiction does not constitute a 'final order in a habeas corpus proceeding' for purposes of 28 U.S.C. § 2253(c)." Bolin v. Secretary Florida Department of Corrections, 628 Fed. Appx. 728, 730 (11th Cir. 2016) (quoting Hubbard v. Campbell, 379 F.3d 1245, 1247 (11th Cir. 2004)).

**DONE** and **ORDERED** this the 20th day of February 2024.

s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**